**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

**MEMO ENDORSED**

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

September 15, 2020

**By ECF/EMAIL**

Honorable Valerie Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2020

    Re:  *United States v. Martin Reyes*, 20 Cr. 159 (VEC)

Dear Judge Caproni:

    I write in advance of Martin Reyes's change-of-plea hearing, which is scheduled to take place in court, in person, on Tuesday, September 22, 2020 at 11:30 a.m. I respectfully request that the hearing be conducted remotely instead, via video conferencing or, if video conferencing is not reasonably available, by telephone conferencing. The Government does not oppose this request. In addition, the parties request that the hearing be adjourned from September 22, 2020 to the following week.

    Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and Chief Judge McMahon's standing order 20 Misc. 176, the Court may conduct a felony plea hearing by video conferencing, or telephone conferencing if video conferencing is not reasonably available, with the consent of the defendant and a finding by the district court judge that further delay of the proceeding will result in serious harm to the interests of justice. As noted, Mr. Reyes consents to—and indeed prefers—a remote change-of-plea hearing due to ongoing risks associated with the COVID-19 pandemic. See Exh. A (Waiver of Right to Be Present at Criminal Proceeding). Mr. Reyes, who is 55-years-old, has hypertension, for which he is prescribed Lisinopril, a type of medication known as an ACE inhibitor that has been suspected of increasing a patient's risk of infection with COVID-19 and risk of severe illness and death from COVID-19. See United States v. Salvagno, 02 Cr. 51 (N.D.N.Y. June 22, 2020) (surveying studies regarding hypertension and the use of ACE inhibitors as risk factors for COVID-19 and granting compassionate release to a 53-year-old with hypertension medicated by Lisinopril) (attached as Exh. D); see also United States v. Roman, 19 Cr. 116 (KMW) (SLC), 2020 WL 1908665, at *2 (S.D.N.Y. Mar. 27, 2020) (finding that defendant's age, 56, his hypertension, and his use of Lisinopril elevated his risk of complications from COVID-19); United States v. Witter,

Hon. Valerie E. Caproni  Page 2
Re: *United States v. Martin Reyes*, 20 Cr. 159 (VEC)  September 15, 2020

19 Cr. 568 (SHS) (S.D.N.Y. Mar. 26, 2020) (finding that defendant's age, 57, his hypertension, and his use of Lisinopril placed him at higher risk for severe COVID-19 infection). While there may not be a scientific consensus at this time regarding whether ACE inhibitors like Lisinopril actually increase a patient's risk of infection and death from COVID-19, there is significantly more consensus regarding the elevated risk of death faced by COVID-19 patients with hypertension, medicated or not. See Exh. D at 27 (Order Denying Gov't Mot. to Reconsider in United States v. Salvagno, 02 Cr. 51 (N.D.N.Y. June 22, 2020)).

Moreover, on the date of Mr. Reyes's change-of-plea hearing, I intend to request that your Honor continue his bail due to exceptional circumstances posed by the COVID-19 pandemic, Mr. Reyes's particular constellation of health and ▮▮▮▮▮▮▮▮▮▮▮▮, and his responsibilities at home. Mr. Reyes intends to enter a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Ordinarily, a defendant who has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act must be detained pending sentencing. See 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(C). However, the Court may order a defendant's continued release despite such a guilty finding if there are "exceptional reasons" why detention would not be appropriate. 18 U.S.C. § 3145(c) (citing 18 U.S.C. § 3143(a)(1)); see United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991). The Court has broad discretion to determine what circumstances qualify as exceptional, a term left undefined in the statute. Id. at 497; United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) (explaining that the "test under § 3145(c) is necessarily a flexible one"). Courts in this District have recognized that a combination of otherwise unexceptional circumstances may be exceptional in the aggregate. See, e.g., United States v. Rentas, No. 09 Cr. 555 (HB), 2009 WL 3444943, at *1 (S.D.N.Y. Oct. 26, 2009) (collecting cases). In Mr. Reyes's case, exceptional circumstances—the COVID-19 pandemic, his particular health and ▮▮▮▮▮▮ issues, a number of upcoming medical appointments, and his role as a caretaker for his mother and child—warrant his continued release on bail.

First, Mr. Reyes's physical and ▮▮▮▮▮▮▮▮▮▮▮▮ present exceptional circumstances justifying his continued release. As noted above, Mr. Reyes is 55-years-old and suffers from hypertension. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Hon. Valerie E. Caproni                                                                                   Page 3
Re: *United States v. Martin Reyes*, 20 Cr. 159 (VEC)                        September 15, 2020

     Although New York has made great strides in its battle against COVID-19, the risk of contracting the virus remains elevated for local federal inmates.[1] This is particularly concerning given that individuals like Mr. Reyes with hypertension "face at least a two-fold risk of death from COVID-19 compared to non-hypertensive individuals, regardless of whether they are medicated." See Exh. D at 27. Although Mr. Reyes understands that his plea in this case will carry a mandatory term of imprisonment, it is still in his best interest to minimize the number of jails and institutions through which he is compelled to pass and the amount of time he spends in transport by the Bureau of Prisons (BOP) and United States Marshals during the COVID-19 pandemic.

     Likewise, it could be extremely deleterious to Mr. Reyes's ▓▓▓▓▓▓▓▓ to be remanded into custody on the date of his plea. The COVID-19 pandemic has introduced new challenges for all prisoners and special challenges for prisoners with ▓▓▓▓▓▓▓▓. It is my understanding that prisoners newly committed to any BOP facility are subjected to a 14- to 21-day quarantine. At the Metropolitan Correctional Center (MCC) and Metropolitan Detention Center (MDC), this quarantine period applies to newly admitted prisoners and those returning from in-person court appearances, and it entails isolation—without access to email, phones, or human interaction—for 23 hours a day. If Mr. Reyes is remanded at the time of his plea, he will likely undergo at least three periods of prolonged isolation: one following his plea and initial remand, one following his sentencing if he is sentenced in the courtroom, and a third following his transfer to the facility where he is designated to serve his sentence. ▓▓▓▓▓▓▓▓ Id. at 4. Indeed, due to Mr. Reyes's particular ▓▓▓▓▓▓▓▓ needs and the challenges posed to his physical and ▓▓▓▓▓▓▓▓ by the COVID-19 pandemic, I request that he be given the opportunity to voluntarily surrender to a specific facility when it is time for him to serve his sentence rather than facing remand at the time of his plea or sentencing.

     Second, Mr. Reyes is under the care of numerous doctors, who he hopes to see for additional appointments prior to the start of his incarceration. ▓▓▓▓▓▓▓▓

---

[1] See Stephen Rex Brown, *Lower Manhattan Federal Jail MCC Facing New Coronavirus Outbreak*, DAILY NEWS (Sep. 1, 2020), *available at* https://www.nydailynews.com/coronavirus/ny-coronavirus-outbreak-mcc-jail-20200901-bqdruxiojrc2tlzaf7f4ahjeku-story.html.

Hon. Valerie E. Caproni  
Re: *United States v. Martin Reyes*, 20 Cr. 159 (VEC)

Page 4  
September 15, 2020



Third, Mr. Reyes plays a critical role in his household and seeks additional time with his family prior to the start of his incarceration. Mr. Reyes is a primary caretaker for his two-year-old daughter and his 81-year-old mother, who suffered a stroke earlier this year and is being treated for a number of other health conditions. These responsibilities, along with the risks posed by the COVID-19 pandemic and Mr. Reyes's medical and ▓▓▓▓▓▓ needs, support a finding that there are exceptional reasons justifying his continued release on bail at this time.

Finally, the parties request that Mr. Reyes's change-of-plea hearing, which is presently scheduled for September 22, 2020 at 11:30 a.m. (ECF No. 20), be adjourned to the following week because counsel for the Government has a conflict at the scheduled time on the 22nd. Both parties are available on the following dates:

- Wednesday, September 30, 2020 after 12:30 p.m.
- Thursday, October 1, 2020 after 12:00 p.m.
- Friday, October 2, 2020 any time
- Wednesday, October 7, 2020 any time
- Friday, October 9, 2020 any time

Thank you for your consideration of these requests.

Respectfully submitted,

/s/ Ariel Werner  
Ariel Werner  
Assistant Federal Defender  
212.417.8770  
ariel_werner@fd.org

cc: Juliana Murray, Assistant U.S. Attorney

---

Application GRANTED in part. The hearing is adjourned to **October 1, 2020 at 3:30 p.m.** The hearing will be held **in person** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007. Defendant may file an unredacted version of this letter under seal.

SO ORDERED.

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI                           9/15/2020  
UNITED STATES DISTRICT JUDGE